IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **MICHAEL HOBBS THOMPSON,**<br><br>Plaintiff,<br><br>v.<br><br>**STATE OF UTAH,**<br><br>Defendant. | **ORDER**<br><br>**Case No. 2:18-cv-00307-DB-PMW**<br><br>**District Judge Dee Benson**<br><br>**Chief Magistrate Judge Paul M. Warner** |

District Judge Dee Benson referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B).[1] The court permitted Plaintiff Michael Hobbs Thompson ("Plaintiff") to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915.[2] The court also notes that Plaintiff is proceeding pro se in this case. Consequently, the court will construe Plaintiff's pleadings and other submissions liberally. *See, e.g.*, *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003). Before the court are Plaintiff's two motions for service of process on Defendant State of Utah ("Defendant"),[3] and Plaintiff's motion to appoint counsel.[4]

## ANALYSIS

### I.  Motions for Service of Process

When a case is proceeding under the IFP statute, officers of the court are required to issue and serve all process and perform all duties related to service of process. 28 U.S.C. § 1915(d). At the same time, the IFP statute requires the court to screen the complaint in such a case to

---

[1] *See* docket no. 8.
[2] *See* docket no. 2.
[3] *See* docket nos. 4 and 9.
[4] *See* docket no. 3.

determine whether it should be served upon the named defendant or dismissed. 28 U.S.C. § 1915(e)(2)(B). In this case, the court has not yet completed that screening process and, consequently, has not yet made a determination about whether Plaintiff's complaint should indeed be served on the named defendant. For that reason, Plaintiff's motions for service of process are unnecessary and are both hereby **DENIED** at this time. As indicated above, the court will screen Plaintiff's complaint and determine whether it should be served on Defendant. It is unnecessary for Plaintiff to take any action to trigger that process.

## II.     Motion to Appoint Counsel

"The appointment of counsel in a civil case is left to the sound discretion of the district court." *Shabazz v. Askins*, 14 F.3d 533, 535 (10th Cir. 1994). Although "[t]here is no constitutional right to appointed counsel in a civil case," *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1988) (per curiam), the court may appoint an attorney to represent a litigant who is unable to afford counsel. *See* 28 U.S.C. § 1915(e)(1). When deciding whether to appoint counsel, the court must consider certain factors, "including the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quotations and citations omitted).

The court turns to considering those factors in this case. First, the merits of Plaintiff's claims are not entirely clear at this point. The court is still in the process of screening Plaintiff's complaint, as set forth above. Second, concerning Plaintiff's abilities, there is no indication that Plaintiff is incapacitated or unable to pursue this case adequately. Plaintiff's two-sentence motion does not allege that he is incapacitated or unable to pursue his case. It merely requests an

order appointing legal counsel. Finally, with respect to the complexity of this case, the court has determined that the factual and legal issues raised by Plaintiff's complaint do not appear to be complicated or difficult to explain. Furthermore, at this stage of Plaintiff's case, the court is concerned only with the sufficiency of Plaintiff's allegations, and the court does not believe that appointed counsel would materially assist him in describing the facts surrounding his alleged injuries. *See, e.g.*, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10thCir. 1991) (stating that "a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury"). Accordingly, Plaintiff's motion to appoint counsel is hereby **DENIED**.

## CONCLUSION

In summary, for the foregoing reasons, Plaintiff's two motions for service of process[5] are both hereby **DENIED**, and Plaintiff's motion to appoint counsel[6] is also hereby **DENIED.**

**IT IS SO ORDERED.**

DATED this 4th day of June, 2018.

BY THE COURT:

PAUL M. WARNER
Chief United States Magistrate Judge

---

[5] *See* docket nos. 4 and 9.
[6] *See* docket no. 3.